IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **HOLLEY MILLER, on behalf of herself and others similarly situated,** | )<br>) CASE NO.: 3:17-cv-725<br>)<br>) JUDGE:<br>) |
| Plaintiff, | ) |
| vs. | ) **COLLECTIVE ACTION COMPLAINT**<br>) **FOR VIOLATIONS OF THE FAIR**<br>) **LABOR STANDARDS ACT** |
| **FLOWERS BAKING CO. OF OHIO, LLC,** | )<br>) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff Holley Miller ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendant Flowers Baking Co. of Ohio, Inc. ("Flowers" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

### INTRODUCTION

This is an action brought by Plaintiff, individually and as a putative representative for a collective action, against her former employer Flowers, for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff and the putative class members were not paid overtime for any hours worked over forty (40) per week, even though they were "non-exempt" employees and thus entitled to such wages under federal law.

1

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Holley Miller is an adult individual residing in Wood County, Ohio. At all times material herein, Ms. Miller was employed by Defendant Flowers as a Route Driver.

4. Ms. Miller brings this action collectively for the following persons: "All workers who were directly or indirectly employed by Defendant Flowers as a Route Driver (or similar position), whether as a regular employee, through a temporary staffing agency, or misclassified independent contractor who did not hire any assistants or helpers, and did not receive overtime for hours worked over forty (40) per workweek during the last three years."

5. Defendant Flowers is a for-profit Ohio corporation that conducts substantial business throughout Ohio, including Wood County, Ohio. Defendant Flowers can be served through its registered statutory agent, Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

6. During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

7. During all times material to this complaint, Plaintiff and the putative class members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

8. Defendant Flowers produces and markets a wide variety of fresh and frozen bakery food including breads, buns, rolls, snack cakes and pastries.

9. Defendant Flowers employs Route Drivers. Route Drivers deliver Flowers' products to Flowers' customers.

10. Ms. Miller was a Route Driver in this District from October 2016 to March 2017.

11. At all relevant times, Plaintiff and the putative class members were non-exempt employees and entitled to be paid for all hours worked and at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

12. During part of every workweek, Plaintiff would perform her job duties using her own personal vehicle, which had a gross vehicle weight of less than 10,000 lbs.

13. The primary duty of Route Drivers, including Plaintiff, is to deliver Flowers' products. Route Drivers, including Plaintiff, have a designated route to which they deliver freshly baked Flowers' products to established customers day after day or week after week. The Route Driver deliveries are based on the volume of Flowers' customer's sales since the previous delivery.

14. Route Drivers, including Plaintiff, are not paid at a rate of one and a half times their regular rate for hours worked in excess of forty (40) in a workweek.

15. Route Drivers, including Plaintiff, routinely work in excess of forty (40) hours in a workweek. For example, Plaintiff would frequently work over fifty (50) hours in a workweek.

16. The identity of all Plaintiffs is unknown at this time, but is known to Defendant and is set forth in Defendant's records. Plaintiff is entitled to review these records and identify the other Plaintiffs who have a right to join this collective action.

17. The exact amount of compensation, including overtime compensation which Defendant has failed to pay the Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

18. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff and the putative class members are entitled to submit their information about the number of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff repeats the allegations set forth above and incorporate them herein by reference.

20. Plaintiff brings this action on behalf of herself and all workers who were directly or indirectly employed by Defendant Flowers as a Route Driver (or similar position), whether as a regular employee, through a temporary staffing agency, or misclassified independent contractor who did not hire any assistants or helpers, and did not receive overtime for hours worked over forty (40) per workweek during the last three years.

21. Plaintiff is similarly situated to those persons and will prosecute this action vigorously on their behalf.

## CLAIM FOR RELIEF

### Violation of Fair Labor Standards Act ("FLSA")
### (Collective Action)

22. Plaintiff repeats the allegations set forth above and incorporates them herein by reference.

23. Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

24. As employees for Defendant, Plaintiff and the putative class members worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

25. Plaintiff and the putative class members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

26. Throughout Plaintiff's and the putative class members' employment, Defendant has known that Plaintiff and the putative class members are not exempt from the wage and overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiff and the putative class members for all hours worked. In spite of such knowledge, Defendant has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff and the putative class members are entitled.

27. Pursuant to the FLSA, Plaintiff and the putative class members are entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one half times their regular rate. Because the Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the putative class members are entitled to these wages dating back three years.

28. The identity of all the putative class members is unknown at this time, but is known to Defendant, and is set forth in Defendant's records. Plaintiff is entitled to review these records and immediately identify the putative class members who have a right to join this collective action.

29. The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

30. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff and the putative class members are entitled to submit their information about the number of hours worked.

31. Defendant's failure to pay Plaintiff and the putative class members compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 29 U.S.C. § 216(b), Plaintiff and the putative class members are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

32. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff and the putative class members proper compensation. As such, Plaintiff and the putative class members are entitled to attorney fees and costs incurred pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1. Awarding Plaintiff and the putative class members their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

2. For a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

3. Awarding Plaintiff and the putative class members their reasonable costs and attorney fees necessarily incurred herein; and

4. Awarding Plaintiff and the putative class members such other and further relief as the Court deems just and proper.

Respectfully submitted,

NILGES DRAHER LLC

*/s/Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W.
Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

/s/ *Anthony J. Lazzaro*
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com

*Counsel for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Hans A. Nilges*
Hans A. Nilges
