UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HOLLEY MILLER, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FLOWERS BAKING CO. OF OHIO, LLC, et al.<br><br>    Defendants. | CASE NO.  3:17-CV-725-JGC<br><br>JUDGE JAMES G. CARR<br><br><br><u>**ORDER OF DISMISSAL AND APPROVING SETTLEMENT**</u> |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice as to Plaintiff's Complaint, such stipulation including the Parties' Release and Settlement Agreement ("Settlement"), and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On April 7, 2017, Plaintiff filed her Complaint and alleged that Defendant Flowers Baking Co. of Ohio, LLC violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek.

2. On August 22, 2017, Plaintiff filed her Amended Complaint, adding Personnel Outsource Solutions, Inc. and Ambassador Personnel, Inc. as Defendants.

3. On August 14, 2018, Plaintiff filed her Second Amended Complaint to exclude her Rule 23 claims under Ohio law.

4. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendants' defenses.

5. The Parties stipulated to conditional certification and issuance of notice to the putative class members. On February 9, 2018, Plaintiff's counsel mailed the notice and consent form to putative class members, and the notice period closed on March 26, 2018.

6. Following the close of the notice period, the FLSA Class consisted of Representative Plaintiff and 41 Opt-in Plaintiffs.

7. In June 2018, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendants' defenses to such claims. This included a complete analysis and calculations of Plaintiff's and Opt-In Party Plaintiffs' alleged overtime damages.

8. The Parties engaged in extensive legal discussion, which included numerous and lengthy discussions and written communications between counsel for the Parties.

9. On July 30, 2018, the Parties participated in a mediation with Mediator and former Cuyahoga County Court of Common Pleas Judge Peggy Foley Jones, during which the Parties reached an agreement to settle the Action on the terms set forth in the Release and Settlement Agreement.

10. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and whether they are entitled to their claimed overtime compensation under the FLSA.

11. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as

Defendants claim they did not act willfully and have a good faith defense.

12. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached a settlement of all claims asserted in the pending action. The Settlement covers employees who opted into the Action and consented to be bound by any settlement reached by the Parties.

13. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

14. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

15. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this 30th day of August, 2018.

/s/ James G. Carr
HONORABLE JUDGE JAMES G. CARR